

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
CIVIL ACTION NO. ____

| | |
|---|---|
| TAX INTERNATIONAL, LLC | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| KILBURN AND ASSOCIATES, LLC, | ) |
| RASHEME A. KILBURN, AND | ) |
| LANCE TAYLOR | ) |
| | ) |
| Defendant. | ) |

4:15 cv 23

## COMPLAINT

### Jury Trial Demanded

Plaintiff, Tax International, LLC (hereinafter "Plaintiff" or "Tax International" ) alleges the following in this Complaint against Kilburn and Associates, LLC, Rasheme A. Kilburn, and Lance Taylor (hereinafter collectively "Defendants").

### THE PARTIES

1.    Tax International is a Florida Limited Liability Company, with a principal address of 52 Tuscan Way, Suite 202-110, Saint Augustine, Florida.

2.    In addition to its Florida address, Tax International maintains a business location at 703 Thimble Shoals Blvd., Newport News, Virginia.

3.    Tax International provides business consultation and tax preparation services.

4.    Upon information and belief, Kilburn and Associates, LLC (hereinafter "Kilburn and Associates") is a Virginia Limited Liability Company, with an office at 48 Terri Sue Court, Hampton, Virginia.

5.  Upon information and belief, Rasheme Kilburn (hereinafter "Kilburn") is the principal of Kilburn and Associates.

6.  Upon information and belief, Kilburn is an individual residing in Hampton, Virginia, and is an officer or manager with authority at Kilburn and Associates.

7.  On information and belief, Lance Taylor (hereinafter "Taylor") is an individual residing in Hampton, Virginia, and is an officer or manager with authority at Kilburn and Associates.

8.  All of the Defendants are jointly and severally liable for the copyright infringement alleged herein, as a matter of direct, contributory, and/or vicarious liability.

9.  All of the Defendants are jointly and severally liable for the trademark infringement alleged herein, as a matter of direct, contributory, and/or vicarious liability.

10.  All of the Defendants are jointly and severally liable for the trade secret theft alleged herein, as a matter of direct, contributory, and/or vicarious liability.

11.  All of the Defendants are jointly and severally liable for the false designation of origin alleged herein, as a matter of direct, contributory, and/or vicarious liability.

12.  All of the Defendants are jointly and severally liable for the tortious interference with business relations alleged herein as a matter of direct, contributory, and/or vicarious liability.

13.  All of the Defendants are jointly and severally liable for the unfair competition alleged herein, as a matter of direct, contributory, and/or vicarious liability.

14.  Defendants Taylor and Kilburn are each individually liable for breach of contract.

## JURISDICTION AND VENUE

15.    This court has subject matter jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1338 as this

civil action for copyright infringement arises under the copyright laws of the United States,

codified at 17 U.S.C. §§101 et seq, as well as pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

1331, 1338 and 1367 as this civil action arises under the LANHAM ACT, 15 U.S.C. §§ 1051 et

seq., Virginia Uniform Trade Secrets Act, Va. Code Ann. § 59.1-336 et seq. and Virginia

common law.

16.    Venue is proper at least under 28 U.S.C.§ 1391(a), as all defendants are believed to reside

in this judicial district.

17.    Defendants are subject to personal jurisdiction in the district at least because they caused

tortious injury in the district by acts or omissions inside the Commonwealth of Virginia, pursuant

to Va. Code Ann.§ 8.01-328.1.

## FACTS

18.    Tax International is a business that specializes in providing tax consultation and

preparation services and business consultation services.

19.    Tax International's business model includes the use of consultants who have as a primary

responsibility soliciting new customers for the business, at which time the majority of actual tax

and business consultation is provided by other employees of Tax International.

20.    Defendant Taylor was a consultant for Tax International, and entered a Confidentiality

and Non-Disclosure/Non-Compete Agreement (hereinafter "the Taylor Agreement") with Tax

International on January 12, 2014, attached as Exhibit 1.

21.    Defendant Kilburn was a consultant for Tax International, and entered a Confidentiality and Non-Disclosure/Non- Compete Agreement (hereinafter "the Kilburn Agreement") with Tax International on January 12, 2014, attached as Exhibit 2.

22.    In the Kilburn and Taylor Agreements, Defendants Kilburn and Taylor, respectively, agreed as follows:

(1)        that they would not use any Tax International client's confidential information in any effort to divert any Tax International client's business away from Tax International;

(2)        that they would not solicit any tax services regarding any of Tax International's clients upon termination of their consultancy with Tax International; and

(3)        that they would not act as a tax consultant or preparer or use any of Tax International's strategies at any time in the future following termination of their consultancy with Tax International.

23.    Tax International owns the copyright to the text and forms embodied in its website, found at www.tax-intl.org, Registration Number TX0007500579, registered on January 17, 2012, attached hereto as Exhibit 3 and incorporated herein.

24.    The copyrighted material includes material that is wholly original to Tax International and that is copyrightable under 17 U.S.C. §§101 et seq.

25.    Tax International was and remains the sole owner of all rights, title, and interest in and to the copyrighted material covered by U.S. Copyright Registration Number TX0007500579.

26.     All lawful copies and distributions of the copyrighted material covered by U.S. Copyright Registration Number TX0007500579 have been made by Tax International or under Tax International's consent or permission.

27.     Between 2006 and the present, the copyrighted material covered by U.S. Copyright Registration Number TX0007500579 has been widely marketed and distributed on at least a nationwide basis through the internet.

28.     At all times relevant, Tax International's copyrighted materials have been prominently marked with the copyright symbol.

29.     Tax International markets its services under the trademark TAX INTERNATIONAL, LLC-EVERYONE SHOULD BENEFIT®.

30.     Tax International is currently using and has used the trademark continuously in interstate commerce since at least as early as March 2008 to identify its services and to distinguish its services from those services offered and provided by others.

31.     On January 9, 2012, Tax International filed U.S. Trademark Application Serial No. 85-511,543 for registration of the trademark. On February 11, 2014, the U.S. Patent and Trademark Office issued to Tax International U.S. Trademark Registration No. 4,481,645 for the mark on the Principal Register. A copy of the certificate of registration is attached hereto as Exhibit 4 and incorporated herein.

32.     Tax International's trademark registration is valid and subsisting.

33.     Tax International's trademark is inherently distinctive.

34.   Tax International has used its registered mark throughout the geographic area encompassing the entire United States.

35.   Tax International markets its services through a website having the domain name www.tax-intl-org, which has been registered and continuously used since at least January, 2012.

36.   Tax International enjoys substantial consumer recognition and valuable goodwill in its trademark owing to its substantially exclusive and continuous use of the mark, together with the inherently distinctive nature of the mark.  As such, the trade and public have come to identify the trademark as an indication of the services that originate from Tax International, and to recognize the mark as distinguishing Tax International's services from its competitors' services.

37.   Upon information and belief, Defendants are engaged in the business of tax preparation. Tax International and Defendants are in direct competition.

38.   Upon information and belief, Defendant Kilburn currently represents on his profile found at www.linkedin.com, attached as Exhibit 5, that he is affiliated with "Tax International".

39.   Upon information and belief, Defendant Kilburn uses his affiliation with "Tax International," as noted on his online profile at www.linkin.com, to promote his services and the services of Kilburn and Associates via the internet.

40.   Tax International has not consented to Defendants' use of its trademark or any other similar mark, nor has Tax International sponsored, endorsed or approved the services offered or promoted by Defendants.

41.   Defendants unauthorized use of the infringing trademark is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers and prospective customers into falsely believing that Defendants services are provided, sponsored or

approved by Tax International or that there is a connection or affiliation between Tax International and Defendants.

42.     Upon information and belief, Defendants intentionally, willfully and deliberately used or continued to use Tax International's trademark or marks substantially identical and confusingly similar to Tax International's trademark to mislead and confuse consumers into believing that Defendant's services are provided, sponsored or approved by Tax International.

43.     As a direct and proximate result of Defendant's conduct set forth above, Tax International has been and will be irreparably injured.

44.     Defendants conduct is continuing and will continue, constituting an ongoing threat to Tax International and the public. Unless Defendants are restrained and enjoined from engaging in the wrongful conduct described herein, Tax International will suffer irreparable injury.  It would be difficult to ascertain the amount of compensation that could afford Tax International adequate relief for the acts of Defendants, present and future, and Tax International's remedy at law is not adequate in and of itself to compensate it for said harm and damage.

## CLAIMS FOR RELIEF

### First Claim for Relief: Copyright Infringement, 17 U.S.C. §§101 et seq.

45.     Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

46.     Upon information and belief, Defendants are engaged in the business of offering tax preparation services.

47.     Upon information and belief, Defendants Taylor and Kilburn are owners, officers, directors, employees, or managing agents of Defendant Kilburn and Associates, and manage and

control their affairs, and are thus personally liable for the tortious actions of Kilburn and Associates.

48.     Upon information and belief, Defendants Taylor and Kilburn would profit from the copyright infringement alleged, had the right and ability to supervise Kilburn and Associates, and failed to exercise their right to stop or limit the infringement, and are thus vicariously liable for the alleged infringement.

49.     Without the authorization of Tax International, Defendants copied and published certain portions of the copyrighted works of Tax International, in violation of federal copyright law.

50.     In early 2015, Tax International was alerted by several clients that Defendants had offered and provided tax preparation services that included usage of forms that appear to be exactly like the forms used by Tax International, which are substantially identical to Tax International's copyright-protected materials.

51.     As a direct and proximate result of Defendants wrongful conduct, Tax International has suffered and continues to suffer damages in an amount to be proven at trial.

<u>Second Claim for Relief: Trademark Infringement, 15 U.S.C. § 1125</u>

52.     Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

53.     With notice of Tax International's trademark as of the issue date Plaintiff's Registration, Defendants, without Plaintiff's authorization or consent, have offered for sale, sold, advertised, promoted and distributed its services while advertising their affiliation with "Tax International".

54. Defendant's actions have caused, and are likely to continue to cause, confusion, mistake and deception by or among consumers who have been, and will continue to be, led to believe that Defendants' services are somehow provided, sponsored, or approved by Plaintiff.

55. Defendants use of the infringing mark, a mark that is confusingly similar to Plaintiff's mark, in a similar manner and in connection with highly similar goods, constitutes trademark infringement in violation of the LANHAM ACT.

56. As a direct and proximate result of Defendants' activities as alleged above, Plaintiff has suffered damage. Unless Defendants are restrained by the Court, they will continue and/or expand their unlawful activities alleged above, by infringing Plaintiff's registered mark and otherwise continue to cause irreparable damage and injury to Plaintiff through, inter alia, (a) causing a likelihood of confusion, mistake and/or deception among the relevant consuming public and trade as to the source of Defendants' Services, (b) causing disruption and damage to Plaintiff's sales of its services under its registered trademark, and (c) causing incalculable damage to Plaintiff's business reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use of the infringing mark.

57. Because Defendants' actions have been committed willfully and with intent to profit from Plaintiff's goodwill in its mark, this is an exceptional case and Plaintiff is entitled to recover Defendants profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorney fees pursuant to the LANHAM ACT, 15 U.S.C. § 1117(a).

## Third Claim for Relief: False Designation of Origin, 15 U.S.C. § 1125

58.     Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

59.     Defendants' use in commerce of the "Tax International" mark, which is confusingly similar to Plaintiff's registered mark, in a similar manner, and in connection with highly similar services, constitutes a false designation of origin within the meaning of the LANHAM ACT, 15 U.S.C. § 1125(a). Defendants' conduct is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services to the detriment of Plaintiff and in violation of the LANHAM ACT, 15 U.S.C. § 1125(a).

60.     Plaintiff believes that it is likely to be damaged by Defendants' activities as alleged above. Unless Defendants are restrained by the Court, it will continue and/or expand its unlawful activities alleged above, by infringing Plaintiffs mark and otherwise continue to cause irreparable damage and injury to Plaintiff through, inter alia, (a)causing a likelihood of confusion, mistake and/or deception among the relevant consuming public and trade as to the source of Defendants' services, (b) causing disruption and damage to Plaintiff's sales of its services under its mark, and (c) causing incalculable damage to Plaintiffs business reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use of its trademark. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Plaintiff's mark or any other logotype, trademark or designation which is likely to be confused with the Plaintiff's mark.

61.     Because Defendant's actions have been committed willfully and with intent to profit from Plaintiff's goodwill in its trademark, this is an exceptional case and Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorney fees pursuant to the LANHAM ACT, 15 U.S.C. § 1117(a).

### Fourth Claim for Relief: Trade Secret Misappropriation,

### Virginia Uniform Trade Secrets Act, Va. Code Ann. § 59.1-336 et seq.

62.     Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

63.     Upon information and belief, Defendants have misappropriated Tax International's trade secrets and confidential information, including but not limited to its customer lists and other records, without the consent of Tax International.

64.     Plaintiff believes that it is likely to be damaged by Defendants' activities as alleged above. Unless Defendants are restrained by the Court, it will continue and/or expand its unlawful activities alleged above, by continuing its illegal use of Plaintiff's trade secrets, and otherwise causing irreparable damage and injury to Plaintiff.  No amount of money damages can adequately compensate Plaintiff if it loses its trade secrets.  Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendants from continuing its misappropriation of Plaintiff's trade secrets.

65.     Because Defendant's actions have been committed willfully and egregiously, Plaintiff is entitled to recover its actual damages, punitive damages of twice actual damages, and reasonable attorney fees.

### Fifth Claim for Relief: Unfair Competition Under Virginia Common Law

66.     Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

67.     Defendants' activities described above constitute unfair and deceptive business practices under Virginia common law.

### Sixth Claim for Relief: Tortious Interference with Business Expectancy

68.     Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

69.     Tax International has developed relationships with a large number of clients for the provision of its services.  Many of the clients have been brought to the firm through the efforts of consultants who are contracted to provide referrals.  Tax International had valid contractual relationships or business expectancies with its clients, including those who were referred by consultants.

70.     Upon information and belief, Defendants were aware that Tax International had valid contractual relationships or business expectancies with its clients.  Defendants even executed written agreements agreeing to a not provide tax services to any Tax International clients at any later date following the end of their consultation agreement.

71.     Defendants intentionally used Tax International's customer information and contacted such customers to solicit them to use Defendants' services instead of using Tax International's services, with the result being some Tax International customers using Defendants' services.

72.    Tax International was damaged by the disruption of its contractual relationship or business expectation with the clients who used Defendants' services.

### Seventh Claim for Relief: Breach Of Contract by Defendant Kilburn

73.    Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

74.    Defendant Kilburn entered into a Confidentiality and Non-Disclosure/Non- Compete Agreement (hereinafter "the Kilburn Agreement") with Tax International on January 12, 2014.

75.    In the Kilburn Agreement, Defendant Kilburn agreed as follows:

>    (1)    that he would not use any Tax International client's confidential information in any effort to divert any Tax International client's business away from Tax International;

>    (2)    that he would not solicit any tax services regarding any of Tax International's clients upon termination of his consultancy with Tax International; and

>    (3)    that he would not act as a tax consultant or preparer or use any of Tax International's strategies at any time in the future following termination of his consultancy with Tax International.

76.    Tax International honored its obligations in its contractual relations with Kilburn.

77.    As alleged in the paragraphs above, Kilburn did breach the Kilburn Agreement by, inter alia,

(1)    using Tax International client's confidential information in an effort to divert Tax International client's business away from Tax International;

(2)    soliciting tax services regarding Tax International's clients upon termination of his consultancy with Tax International; and

(3)    acting as a tax consultant or preparer following termination of his consultancy with Tax International.

78.    Tax International was damaged by Kilburn's breach of the Kilburn Agreement.

<u>Eighth Claim for Relief: Breach Of Contract by Defendant Taylor</u>

79.    Tax International incorporates herein by reference all preceding allegations of this Complaint as though fully set forth herein.

80.    Defendant Taylor entered into a Confidentiality and Non-Disclosure/Non- Compete Agreement (hereinafter "the Taylor  Agreement") with Tax International on January 12, 2014.

81.    In the Taylor Agreement, Defendant Taylor agreed as follows:

(1)    that he would not use any Tax International client's confidential information in any effort to divert any Tax International client's business away from Tax International;

(2)    that he would not solicit any tax services regarding any of Tax International's clients upon termination of his consultancy with Tax International; and

        (3)      that he would not act as a tax consultant or preparer or use any of Tax International's strategies at any time in the future following termination of his consultancy with Tax International.

82.     Tax International honored its obligations in its contractual relations with Taylor.

83.     As alleged in the paragraphs above, Taylor did breach the Taylor Agreement by, inter alia,

        (1)      using Tax International client's confidential information in an effort to divert Tax International client's business away from Tax International;

        (2)      soliciting tax services regarding Tax International's clients upon termination of his consultancy with Tax International; and

        (3)      acting as a tax consultant or preparer following termination of his consultancy with Tax International.

84.     Tax International was damaged by Taylor's breach of the Taylor Agreement.

## RELIEF SOUGHT

WHEREFORE, the Plaintiffs pray:

A.     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, and all persons in active concert with the Defendant, be enjoined and restrained from infringing, in any manner, the copyrighted works of the Plaintiffs, pursuant to 17 U.S.C. §502;

B.  Pursuant to 17 U.S.C. §504, Defendant be required to pay to the Plaintiffs the actual damages suffered by the Plaintiffs, all profits of the Defendants attributable to the infringement of the copyrighted works of the Plaintiffs;

C.  Pursuant to 17 U.S.C. §504, Defendant be required to pay statutory damages in the sum of not less than $30,000 for each act of infringement by the Defendant should this statutory remedy be elected;

D.  Pursuant to 17 U.S.C. §504, Defendant be required to pay statutory damages in the sum of not less than $150,000 for each act of willful infringement by the Defendant should this statutory remedy be elected;

E.  Pursuant to 17 U.S.C. §505, Defendant be required to pay the Plaintiff's full costs in this action and reasonable attorney's fees;

F.  Plaintiff's registered trademark be adjudged to have been infringed as a direct and proximate result of Defendants acts set forth in this Complaint, in violation of Plaintiff's rights under 15 U.S.C. § 1114;

G.  Defendants be adjudged to have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

H.  Defendants be adjudged to have violated Virginia law regarding unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce;

I.  Defendants and their agents, employees, successors, assigns, affiliates, joint venturers, and any person(s) in active concert in participation with it, and/or any person(s) acting for, with, by or through it, be enjoined during the pendency of the action, and

permanently thereafter, from using or authorizing any third party to use the Plaintiff's

mark, or any other logotype, trademark or designation which is likely to be confused with

Plaintiff's mark;

J.      Defendants be ordered to account to Plaintiff for, and to pay to Plaintiff, all of

Defendants' profits and all amounts by which Defendants have been unjustly enriched

from its acts and practices complained of herein, increased on grounds that this is an

exceptional case and according to the circumstances of the case under the LANHAM

ACT, 15 U.S.C. § 1117(a);

K.      Defendants be ordered to pay Plaintiff its actual damages and lost profits sustained by

Plaintiff as a result of Defendants wrongful acts in an amount to be determined at trial,

doubled or trebled as provided by statute, or on grounds that this is an exceptional case

under the LANHAM ACT, 15 U.S.C. § 1117(a);

L.      Defendants be ordered to pay Plaintiff's costs of the action under the LANHAM ACT, 15

U.S.C. § 1117(a) or Virginia law.

M.      Defendant be ordered to pay Plaintiff's reasonable attorney fees under Virginia law, or on

the grounds that this is an exceptional case under the LANHAM ACT, 15 U.S.C. §

1117(a);

N.      Defendant be ordered to pay Plaintiff prejudgment and post judgment interest on any

monetary award;

O.      Defendants be ordered to pay Plaintiff exemplary and punitive damages to deter any

future willful infringement or misappropriation as the Court finds appropriate;

P.      Such other and further relief as this Court may deem just and appropriate in the

circumstances.

This, the 23rd day of March, 2015.

/s/John D. Dellinger
John D. Dellinger, Virginia Bar No. 48223
Email: jdellinger@mainspringlaw.com
Mainspring Law, PLLC
295 Howard Lingerfelt Road
Vale, NC 28168
Telephone: 703/362-0828
ATTORNEY FOR PLAINTIFF