IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TAX INTERNATIONAL, LLC,

      Plaintiff,

      v.                                                                                                  CIVIL ACTION NO. 4:15cv23

KILBURN AND ASSOCIATES, LLC,

RASHEME A. KILBURN,

and

LANCE TAYLOR

      Defendants.

## *MEMORANDUM OPINION & ORDER*

Before the Court are Defendants' Motions to Dismiss, ECF Nos. 4 and 10. On March 26, 2015, Plaintiff Tax International, LLC filed this lawsuit alleging copyright infringement, trademark infringement, false designation of origin, trade secret misappropriation, unfair competition, tortious interference with business expectancy, and breach of contact against Defendants Kilburn and Associates, LLC, Rasheme A. Kilburn, and Lance Taylor. The Court today addresses two separate Motions to Dismiss: Defendant Lance Taylor's Motion to Dismiss the Complaint against him in its entirety with prejudice (ECF No. 4) and Defendants Kilburn and Associates, LLC, and Rasheme A. Kilburn's Motion to Dismiss the Complaint against them in its entirety and with prejudice. The Court has reviewed the parties' submissions, the Complaint, relevant attachments, and relevant law. Having determined that a hearing on the Motions is not

1

necessary, this matter is now ripe for judicial determination. For the reasons stated below, each Defendant's Motion to Dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

The facts alleged in the Complaint are as follows. Plaintiff Tax International is a Florida Liability Company that provides business consultation and tax preparation services and maintains a business in Newport News, Virginia. Complaint, ECF No. 1 at ¶ 1-3. Defendant Kilburn and Associates, LLC is a Virginia Liability Company, of which Defendant Rasheme Kilburn is the principal and Defendant Lance Taylor is an officer or manager. Id. ¶ 4-7.

Tax International operates a business wherein its consultants have as a primary responsibility soliciting new customers for the business, and other employees provide the majority of the actual tax and business consultation. Id. ¶ 19. Defendant Taylor was a consultant for Tax International and entered a Confidentiality and Non-Disclosure/Non-Compete Agreement with Tax International on January 12, 2014. Id. ¶ 20. Defendant Kilburn was a consultant for Tax International and entered a similar agreement with Tax International on January 12, 2014. Id. ¶ 21. In each agreement, the Defendants agreed, *inter alia*, that (1) they would not use any Tax International client's confidential information in any effort to divert any Tax International client's business away from Tax International; (2) they would not solicit any tax services regarding any of Tax International's clients upon termination of their consultancy with Tax International; and (3) they would not act as a tax consultant or preparer or use any of Tax International's strategies at any time in the future following termination of their consultancy with Tax International. Id. ¶ 22.

Tax International is the copyright owner of the text and forms used on its website, and

that material includes material that is wholly original to Tax International. Id. ¶ 23-25. At all relevant times, Tax International's copyrighted materials have been prominently marked with the copyright symbol. Id. ¶ 28. Plaintiff markets its services under the trademark TAX INTERNATIONAL, LLC-EVERYONE SHOULD BENEFIT. Id. ¶. Plaintiff further contends that it has used its registered mark throughout the geographic area encompassing the United States, that it markets its services through an internet website, and that it enjoys substantial consumer recognition and valuable goodwill in its trademark. Id ¶ 34-26.

This lawsuit stems from Plaintiff's allegation that Defendants are currently engaged in the business of tax preparation in direct competition with Tax International. Id. ¶ 37. Defendant Kilburn represents himself as being affiliated with Tax International on his internet profile, and Tax International has not consented to this representation. Id. ¶ 38.

Plaintiff seeks relief on eight separate claims: Copyright Infringement pursuant to 17 U.S.C. §§ 101 et seq.; Trademark Infringement pursuant to 15 U.S.C. § 1125; False Designation of Origin pursuant to 15 U.S.C. § 1125; Trade Secret Misappropriation; Unfair Competition Under Virginia Common Law; Tortious Interference with Business Expectancy; Breach of Contract by Defendant Kilburn; and Breach of Contract by Defendant Taylor.

As relief, Plaintiff seeks an Order enjoying and restraining Defendants and all persons in active concert with Defendants from infringing on Plaintiff's copyright; payment to Plaintiff the actual damages suffered and all profits of the Defendants attributable to the infringement of the copyrighted works; statutory damages; Plaintiff's registered trademark be adjudged to have been infringed as a direct and proximate cause of Defendant's acts set forth in the Complaint; Defendants be adjudged to have competed unfairly with Plaintiff; Defendants be adjudged to

have violated Virginia law regarding unfair methods of competition; Defendants and their agents an employees and any persons acting in concert be enjoined during the pendency of this action and permanently thereafter from using or authorizing any third party to use the Plaintiff's mark or any designation or mark which is likely to be confused with Plaintiff's mark; Defendants be ordered to pay Plaintiff all of Defendants profits and all amounts by which Defendants have been unjustly enriched from its acts and practices, increased on the grounds that this is an exceptional case under the Lanham Act; Defendants be ordered to pay Plaintiff costs, reasonable attorney fees, prejudgment and post judgment interest on any monetary award; and Defendants be ordered to pay Plaintiff any exemplary and punitive damages.

Plaintiff Tax International filed its Complaint on March 25, 2015. ECF No. 1. On May 26, 2015, Defendant Lance Taylor filed a Motion to Dismiss for Failure to State a Claim. ECF No. 4. Defendant Taylor contemporaneously filed a Memorandum in Support of his Motion. ECF No. 5. On June 16, 2015, Plaintiff filed its Opposition to Defendant Taylor's Motion to Dismiss. ECF No. 6. After a brief bit of quibbling over whether Plaintiff's Opposition was timely filed, a United States Magistrate Judge Ordered the parties to consult the Principles of Professionalism for Virginia Lawyers and granted Plaintiff's Motion to file his Opposition. ECF No. 14.

On July 2, 2015, Defendants Rasheme A. Kilburn and Kilburn and Associates filed a Motion to Dismiss. ECF No. 10. Defendants also filed a Memorandum in Support of the Motion. ECF No. 11. On July 6, 2015, Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 13. Finally, on July 20, 2015, Defendants filed a Rebuttal Brief. ECF No. 15.

On August 31, 2015, Defendants filed Notice that that the parties agreed to submit this matter on the briefs. ECF No. 16.

## II. STANDARD OF REVIEW

Defendant's Motion to Dismiss is based on Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ P. 12(b)(6). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations omitted)). Specifically, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the Court is bound to accept all of the factual allegations in the Complaint as true. *Id.* at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. ANALYSIS

The Court will address each Defendant's Motion separately. For the reasons outlined below, each Defendant's Motion to Dismiss is **DENIED**.

### A. Defendant Taylor's Motion to Dismiss

Defendant Lance Taylor moves pursuant to Rule 7 of the Local Rules of the Eastern District of Virginia and Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss

Plaintiff's claims against him for failure to state a claim upon which relief may be granted. ECF No. 4. Specifically, Defendant argues that the Complaint, "includes nothing more than baseless, conclusory allegations, recitations of legal standards, and more than a dozen paragraphs of Plaintiff's 'information and belief.'" ECF No. 5 at 1.

Defendant first argues that Count One, which alleges copyright infringement, must be dismissed because Plaintiff has failed to identify the allegedly protected work. *Id.* at 4.

Under the Copyright Act, a party engages in copyright infringement when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). To prevail on a claim of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Bailey v. Black Entertainment Television*, 2010 WL 1780403 at *2 (E.D. Va. May 3, 2010) (citing *Robinson v. New Line Cinema Corp.*, 211 F.3d 1265 at *1 (Table) (4th Cir. 2000)). Defendant argues that Count One must be dismissed because "Plaintiff's Complaint includes no factual allegation regarding the substance of Plaintiff's work or Mr. Taylor's alleged copy thereof—*Iqbal* and *Twombly* require dismissal of such claims." ECF No. 5 at 4.

Plaintiff counters that it has plead sufficient facts to establish a plausible cause of action for vicarious infringement against Defendant Taylor because he had the right and ability to supervise employees at Kilburn and Associates and would profit from the alleged infringement. Further, Plaintiff argues that there is no heightened pleading standard in copyright, and that the specific facts alleged in the Complaint are more than sufficient.

Plaintiff has alleged facts sufficient to state a cause of action for copyright infringement. Plaintiff alleges that it is the owner of a valid copyright, and this Court on a Motion to Dismiss

assumes that to be true. Further, courts recognize that by alleging a valid copyright a Plaintiff establishes the first prong of the copyright infringement test. Second, Plaintiff has sufficiently alleged that Defendants copied and published certain portions of Plaintiff's copyrighted works without authorization of Tax International. ECF No. 1 ¶ 49. Additionally, Plaintiff alleges that Defendants had offered and provided tax preparation services that included usage of forms that appear to be exactly like the forms used by Tax International, which Plaintiff alleges are "substantially identical to Tax International's copyright-protected materials." *Id.* ¶ 50. These allegations are sufficient to state a claim upon which relief can be granted.

Defendant Taylor next argues that Counts Two and Three which allege vicarious liability for Trademark Infringement and False Designation of Origin, must be dismissed because "other than mere conclusory allegations, the Complaint fails to allege any factual basis for such vicarious liability." ECF No. 5 at 6.

Under the Lanham Act, a Plaintiff alleging trademark infringement must show that (1) it possesses a mark; (2) that the Defendant used that mark; (3) Defendant's use of that mark occurred in commerce; (4) that Defendant used the mark in connection with the sale, offering for sale, distribution or advertising of goods and services; and (5) that defendant used the mark in a manner likely to confuse consumers as to the source or origin of goods or services. *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).

The Complaint alleges, *inter alia*, that "[w]ith notice of Tax International's trademark as of the issue date of Plaintiff's Registration, Defendants, without Plaintiff's authorization or consent, have offered for sale, sold, advertised, promoted and distributed its services while advertising their affiliation with 'Tax International.'" ECF No. 1 ¶ 54. Plaintiff also alleges that

Defendants are using a mark that is confusingly similar to Plaintiff's mark. *Id.* ¶ 55. The facts Plaintiff pleads in Paragraphs 58-61, along with those paragraphs incorporated by reference, are sufficient to plead causes of action for Trademark Infringement as alleged in Count Two and False Designation of Origin as alleged in Count Three. The Motion to Dismiss Counts Two and Three is therefore denied.

Defendant next moves to dismiss Count Four, which alleges Misappropriation of Trade Secrets. Defendant argues that "there is no allegation anywhere [except for Paragraph 63 of the Complaint] that Mr. Taylor was ever provided or acquired any trade secret of Tax International or that Tax International had any trade secrets." ECF No. 5 at 7. Defendant further argues that Counts Four, Five, and Six are preempted by 17 U.S.C. § 301. *Id.*

Plaintiff responds that its customer lists and other records constituted trade secrets and that such information was also confidential and subject to the nondisclosure agreements which each individual defendant signed. ECF No. 6 at 12. Defendants are alleged to have misappropriated Plaintiff's trade secrets by using client information in their ensuing tax preparation business.

In Virginia, an alleged trade secret must (1) maintain some independent economic value; (2) not be known or readily ascertainable by proper means; and (3) be subject to reasonable efforts to maintain secrecy. *Trident Products and Services, LLC v. Canadian Soiless Wholesale LTD*, 859 F. Supp. 2d 771, 778 (E.D. Va. 2012). For Plaintiff to prevail under the Virginia Uniform Trade Secret Act, it must establish that (1) the information alleged constitutes a trade secret, and (2) that the Defendant misappropriated it. *Microstrategy v. Bus. Objects. S.A.*, 331 F. Supp. 2d 396, 416 (E.D. Va. 2004).

8

The Court finds that Plaintiff has alleged sufficient facts to state a cause of action for Trade Secret Misappropriation. The Complaint in its entirety is sufficient to meet the plausibility standard. Whether the Copyright Act preempts the State law claim for Trade Secrets Misappropriation is a more appropriate question for later in these proceedings. For now, Plaintiff may plead both Counts Two and Four in the alternative, pursuant to Federal Rule of Civil Procedure 8(d)(2) and 8(d)(3).

Defendant next moves to dismiss Count Five, which alleges Unfair Competition, because the Unfair Competition allegation of the Complaint includes only two paragraphs and "[n]either paragraphs [sic] includes a factual allegation or application of facts to law..." ECF No. 5 at 8. Plaintiff responds that six separate paragraphs combine to state a claim for relief, and that the entire Complaint is incorporated by reference.

The Court finds that the two paragraphs under Count Five and all of the paragraphs that precede Count Five, which are incorporated by reference, are sufficient to survive a motion to dismiss. In Virginia, the test for unfair competition is essentially the same as that for trademark infringement and unfair competition under the Lanham Act. *Lamparello v. Falwell*, 420 F.3d 309, 312 (4th Cir. 2005). The Court therefore finds that Plaintiff has pleaded facts sufficient to plausibly state a claim for relief for Unfair Competition.

Defendant next moves to dismiss Count Six which alleges Tortious Interference with Business Expectancy because Plaintiff "never identifies even one specific business expectancy with which Mr. Taylor interfered or how (or when) he committed any interference." ECF No. 5 at 8. Plaintiff responds that it has sufficiently pleaded facts that establish Defendant's interference with actual contractual relationships with actual clients. ECF No. 6 at 16.

To prove tortious interference with business expectancy, Plaintiff must show (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference including or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Wigand v. Costech Technologies, Inc.*, 2008 WL 65517, at *7 (E.D. Va. Jan. 4, 2008) (citing *Rappahannock Pistol & Rifle Club, Inc. v. Bennett*, 262 Va. 5, 12 (Va. 2001)).

On a motion to dismiss, the Court assumes the allegations in the Complaint are true and takes all inferences in favor of the non-moving party. In so doing, it is apparent that Plaintiff survives the motion to dismiss Count Six. The Complaint specifically alleges that Plaintiff had valid contractual relationships or business expectancies with its clients, and that it executed a written consultation agreement with Defendant. The Court finds that five paragraphs specifically listed under Count Six and the paragraphs preceding Count Six sufficient to plausibly state a claim for tortious interference with business expectancy.

Finally, Defendant moves to dismiss Count Eight (Count Seven does not apply to Defendant Taylor), the breach of contract claim, because "the Agreement is overly broad and unenforceable on its face; alternatively Plaintiff has not alleged any fact to support its claim that Mr. Taylor breached this unenforceable Agreement." ECF No. 5 at 9. The Court finds that Plaintiff has sufficiently pled facts to plausibly state a claim of breach of contract because the Complaint sets forth facts that allege the existence of a legitimate business interest that justifies the restrictive covenant, that the restrictive covenant is reasonably necessary to protect the legitimate business interests, and that Defendant breached the Agreement by operating a tax

preparation business in competition with Plaintiff using Plaintiff's client information and marks. Whether Plaintiff prevails on the merits of this allegation is a question that will be answered later in these proceedings; for now, the Complaint plausibly pleads a claim for breach of contract.

For the reasons stated above, Defendant Taylor's Motion to Dismiss is **DENIED**.

### B.     Kilburn and Associates and Rasheme A. Kilburn's Motion to Dismiss

The Court now turns to the Motion to Dismiss filed by Defendants Kilburn and Associates, LLC, and Rasheme A. Kilburn. ECF No. 10. In reviewing Defendants Kilburn and Associates, LLC, and Rasheme A. Kilburn's Memorandum in Law in Support of Motion to Dismiss, the Court finds the brief to be almost identical to Defendant Taylor's Memorandum in Support. Likewise, Plaintiff's Memorandum in Opposition is largely the same. Having considered the Complaint as it specifically relates to Defendants Kilburn and Associates, LLC, and Defendant Rasheme A. Kilburn, the Court finds that for the reasons stated above relating to Mr. Taylor, the Motion to Dismiss Counts One, Two, Three, Four, Five, and Six is **DENIED**. The Court next turns to Count Eight, breach of contract by Rasheme A. Kilburn.

Defendant moves to dismiss Count Seven for the same basic reasons that Defendant Taylor moved to dismiss Count Eight: Defendant argues that "the Agreement is overly broad and unenforceable on its face; alternatively, Plaintiff has not alleged any fact to support its claim that Mr. Kilburn breached this unenforceable Agreement." ECF No. 11 at 9. The factual allegations made against Defendant Kilburn in Count Seven are identical to the factual allegations made against Defendant Taylor in Count Eight. Because this case appears before the Court on a Motion to Dismiss, the Court treats all factual allegations as true. If true, the allegations in Count Seven are sufficient to establish a plausible claim for breach of contract

under the applicable law. Whether Plaintiff can prevail on the merits of this claim will be determined at a later date; today, Plaintiff has stated facts sufficient to survive the Motion to Dismiss on Count Seven.

## IV. CONCLUSION

After a thorough and exhaustive review of the Complaint, the Motions and briefs on the Motions, and the accompanying attachments, the Court concludes that the Complaint contains sufficient factual matter, accepted as true, which states a claim to relief that is plausible on its face. For the reasons outlined above, Defendants' Motions to Dismiss are **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 5, 2016

Raymond A. Jackson
United States District Judge